IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 MAY 24 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| THE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| MEDISTAR CORPORATION; | ) | |
| MANFRED CO., L.C.; DIANA | ) | CV-04-HGD-1067-S |
| ELMAS; and MONZER HOURANI, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW The Bank, and for its complaint against Medistar Corporation, Manfred Co., L.C., Diana Elmas and Monzer Hourani, avers as follows:

### I.

### PARTIES

1.   THE BANK ("Plaintiff"), the plaintiff herein, is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in the State of Alabama.

2.   MEDISTAR CORPORATION ("Medistar"), a defendant herein, is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

706147 2

3. MANFRED CO., L.C. ("Manfred"), a defendant herein, is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

4. DIANA ELMAS ("Elmas"), a defendant herein, is a resident of the State of Texas.

5. MONZER HOURANI ("Hourani"), a defendant herein, is a resident of the State of Texas.

II.

JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 in that Plaintiff, on the one hand, and Medistar, Manfred, Elmas and Hourani (collectively, the "Defendants"), on the other, are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

7. Venue of this case is proper in this court pursuant to 28 U.S.C. § 1391(a).

III.

BACKGROUND

8. Pursuant to, among other things, a Loan Agreement dated November 11, 2002, Plaintiff made a loan to Medistar in the original principal amount of Two Million Eight Hundred Twenty-Two Thousand Seven Hundred Dollars ($2,822,700.00) (the "Loan"). A copy of the Loan Agreement is attached hereto as Exhibit "A" and is incorporated by reference herein.

9. The Loan is further evidenced by a Promissory Note dated November 11, 2002 in the original principal amount of Two Million Eight Hundred Twenty-Two Thousand Seven Hundred Dollars ($2,822,700.00), a true copy of which is attached hereto as Exhibit "B" and is incorporated by reference herein. Pursuant to paragraph 2 of the Promissory Note, all principal, accrued and unpaid interest and other outstanding charges due thereunder were due and payable on November 11, 2003.

10. Repayment of the Loan is secured by, among other things, a Future Advance Mortgage, Assignment of Rents and Leases and Security Agreement dated November 11, 2002 (the "Mortgage") executed by Medistar and delivered to Plaintiff. The Mortgage is recorded as instrument no. 200215/9961 in the Office of the Judge of Probate for Jefferson County, Alabama. A true copy of the Mortgage is attached hereto as Exhibit "C" and is incorporated by reference herein. The real property that is the subject of the Mortgage is Lot 2, according to the Survey of Grandview Corporate Park Resurvey No. 3, being a Resurvey of Lot 2 and Lot 10, Grandview Corporate Park Resurvey No. 2 (as recorded in Map Book 191, page 16), as recorded in Map Book 193, page 50, in the Probate Office of Jefferson County, Alabama; being situated in Jefferson County, Alabama.

11. Repayment of the Loan by Medistar is jointly and severally guaranteed by Manfred, Elmas and Hourani pursuant to Continuing Guaranty agreements each dated November 11, 2002. True copies of such Continuing Guaranty agreements are attached hereto as Exhibits "D-1", "D-2" and "D-3" respectively and are incorporated by reference herein.

12. The terms and conditions of the Loan were amended and modified pursuant to a First Amendment to Loan Documents dated December 23, 2003, pursuant to which, among other

things, the "Maturity Date" in section 2 of the Promissory Note was extended to November 11, 2004. A true copy of the First Amendment to Loan Documents is attached hereto as <u>Exhibit "E"</u> and is incorporated by reference herein.

13. The terms and conditions of the Loan were further amended and modified pursuant to a Second Amendment to Loan Documents dated December 31, 2003. Therein, among other things, Medistar agreed to deposit into an interest-bearing account (the "Collateral Account") with Plaintiff (a) Fifty Thousand Dollars ($50,000.00) contemporaneous with its execution and delivery of the Second Amendment to Loan Documents and (b) by no later than March 1, 2004, an additional One Hundred Twenty Thousand Dollars ($120,000.00). A true copy of the Second Amendment to Loan Documents is attached hereto as <u>Exhibit "F"</u> and is incorporated by reference herein.

14. Medistar has failed to pay to Plaintiff when due the One Hundred Twenty Thousand Dollars ($120,000.00) that was required to be paid no later than March 1, 2004.

15. Pursuant to paragraph 6 of the Loan Agreement, it is an Event of Default for the Loan if Medistar fails to make any payment of the principal of or interest on the Promissory Note within five (5) days of the date when such amount becomes due and payable.

16. Pursuant to paragraph 1 of the Second Amendment to Loan Documents, the failure of Medistar to make all of the One Hundred Twenty Thousand Dollar ($120,000.00) payment that was due by March 1, 2004 is an Event of Default for the Loan.

17. Pursuant to paragraph 7 of the Loan Agreement, upon the occurrence of an Event of Default, Plaintiff may declare the unpaid principal of and interest and other charges on the

Loan to be immediately due and payable, and if such amounts are not immediately paid in full, Plaintiff may exercise all rights granted to it under the laws of the State of Alabama, under the Loan Agreement, the Promissory Note, the Mortgage and any other documents related to the Loan, and such other remedies that are available at law or in equity.

18.     Pursuant to a notice dated April 8, 2004, Plaintiff, acting through counsel, notified the Defendants that the Loan was in default and that all indebtedness evidenced by the Promissory Note was immediately due and payable. A copy of that notice is attached hereto as Exhibit "G" and is incorporated by reference herein.

19.     As of May 12, 2004, the outstanding, unpaid and delinquent balance of the Loan was Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars ($2,838,852.11) exclusive of Plaintiff's cost of collection, including its reasonable attorneys' fees, as are authorized pursuant to the terms of the Loan Agreement, Promissory Note, Mortgage and other documents pertaining to the Loan.

COUNT I

**(Breach of Contract)**

20.     Plaintiff adopts and realleges the averments of paragraphs 1 through 19 of this Complaint as if set forth herein in their entirety.

21.     By virtue of the aforesaid Events of Default, Medistar is in breach of the Loan Agreement, Promissory Note, Mortgage and other documents pertaining to the Loan.

WHEREFORE, Plaintiff demands judgment against Medistar equal to the sum of Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars

($2,838,852.11), interest at the rate prescribed by the Promissory Note through the date of judgment, court costs, and Plaintiff's cost of collection, including its reasonable attorneys' fees.

## COUNT II

### (Money Lent)

22. Plaintiff adopts and realleges the averments of paragraphs 1 through 21 of this Complaint as if set forth herein in their entirety.

23. Medistar owes Plaintiff Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars ($2,838,852.11) for money lent by Plaintiff to Medistar on or about November 11, 2002.

WHEREFORE, Plaintiff demands judgment against Medistar equal to the sum of Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars ($2,838,852.11), interest at the rate prescribed by the Promissory note through the date of judgment, court costs, and Plaintiff's cost of collection, including its reasonable attorneys' fees.

## COUNT THREE

### (Promissory Note)

24. Plaintiff adopts and realleges the averments of paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

25. Pursuant to the terms of the Promissory note, Medistar owes to Plaintiff Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars

($2,838,852.11), plus interest from May 12, 2004 at the rate prescribed by the Promissory Note through the date of judgment.

WHEREFORE, Plaintiff demands judgment against Medistar equal to the sum of Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars ($2,838,852.11), interest at the rate prescribed by the Promissory Note through the date of judgment, court costs, and Plaintiff's cost of collection, including its reasonable attorneys' fees.

## COUNT FOUR

### (Breach of Guaranty)

26.   Plaintiff adopts and realleges the averments of paragraphs 1 through 25 of this Complaint as if set forth herein in their entirety.

27.   Manfred, Elmas and Hourani have breached their respective Continuing Guaranty agreements by failing to pay to Plaintiff the amounts of the Loan due thereunder.

WHEREFORE, Plaintiff demands judgment against Manfred, Elmas and Hourani, jointly and severally, equal to the sum of Two Million Eight Hundred Thirty-Eight Thousand Eight Hundred Fifty-Two and 11/100 Dollars ($2,838,852.11), interest at the rate prescribed by the Promissory Note through the date of judgment, court costs, and Plaintiff's cost of collection, including its reasonable attorneys' fees.

Dated: May 21, 2004

/s/ Clark Denton
W. Clark Watson
Jeremy T. Retherford
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

*Attorneys for The Bank*

Defendants to be Served by Special Process Server at:

Medistar Corporation
Attn: Gary C. Perryman
7670 Woodway, Suite 160
Houston, Texas 77063

Manfred Co., L.C.
Attn: Gary C. Perryman, President
7670 Woodway, Suite 160
Houston, Texas 77063

Diana Elmas
7670 Woodway, Suite 160
Houston, Texas 77063

Monzer Hourani
7670 Woodway Suite 160
Houston, Texas 77063

EXHIBITS

NOT

SCANNED